IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rev. Thomas Louis Davis, | ) | C/A No.: 9:23-3059-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina; Sheriff Officer Christian D. Anderson; Carmen T. Mullen; Duffie McDuffie Stone; and Judge Goldsmith, | ) ) ) ) ) ) | ORDER AND NOTICE |
| | ) | |
| Defendants. | ) ) | |

Rev. Thomas Louis Davis ("Plaintiff"), proceeding pro se and in forma pauperis, sues State of South Carolina, Sheriff Officer Christian D. Anderson, Carmen T. Mullen, Duffie McDuffie Stone, and Judge Goldsmith ("Defendants"). He files this civil action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges Defendants violated his constitutional rights. Much of the complaint is illegible, but Plaintiff appears to allege Anderson kicked in his front door and shot him three times while he was holding his granddaughter. [ECF No. 1 at 5]. He seeks monetary damages and release

from custody. *Id.*

II.  Discussion

    A.  Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction

2

afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   B.   Analysis

      1.   Prosecutor Duffie McDuffie Stone

Plaintiff sues Duffie Stone in his role as the solicitor. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims against Stone relate to actions associated with his prosecution of criminal charges, the claims are barred by prosecutorial immunity. Accordingly, the undersigned recommends Plaintiff's complaint against Stone be summarily dismissed.

      2.   Judges Mullen and Goldsmith

Judges Mullen and Goldsmith should be dismissed based on judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial

immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Judges Mullen and Goldsmith relate to their judicial actions, they are entitled to absolute immunity. Accordingly, Plaintiff's claims against Judges Mullen and Goldsmith should be summarily dismissed.

### 3. Insufficient Allegations Against Anderson

The undersigned notes the complaint is premised on rambling, unconnected, and conclusory allegations that make it difficult to discern the facts underlying Plaintiff's claims. While "a pro se plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Bell v. Bank of Am., N.A.*, No. 1:13-cv-478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) (internal quotation marks and citations omitted); *see also Green v. Sumter Court*, No. 3:07-cv-1570-JFA-BM, 2007 WL 2022199, at *2–3 (D.S.C. July 9, 2007) (dismissing pro se complaint

4

where the allegations were "so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, unsupported statements or 'gibberish' that they [did] not state a cause of action"); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (noting that federal courts lack the power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").

Although Plaintiff alleges Anderson kicked down his door and shot him three times, these allegations do not necessarily indicate excessive force. For instance, Plaintiff does not state whether he was armed when he was shot. For these reasons, Plaintiff's complaint against Anderson is also subject to summary dismissal for failure to state a claim.

4. State of South Carolina

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given

5

consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). Plaintiff's complaint fails to allege a viable claim against the State of South Carolina. Accordingly, the undersigned recommends the State be summarily dismissed.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **August 10, 2023**, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

July 20, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

7