IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rev. Thomas Louis Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:23-cv-3059-BHH |
| v. ) | |
| ) | |
| Judge Brooks P. Goldsmith; ) | **ORDER** |
| Assistant Solicitor Rachel DeAngelis; ) | |
| Christian D. Anderson; and Judge ) | |
| Carmen T. Mullen, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Rev. Thomas Loius Davis's pro se ("Plaintiff") amended complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 19.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 15, 2023, Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's amended complaint with prejudice, without further leave to amend, and without issuance and service of process because (1) Plaintiff's claims against Defendant DeAngelis are barred by prosecutorial immunity; (2) Plaintiff's claims against Judges Mullen and Goldsmith are barred by absolute judicial immunity; and (3) Plaintiff's claims against Defendant Anderson relate to Plaintiff's arrest and are subject to dismissal based on the applicable statute of limitations, S.C. Code Ann. § 15-3-530. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been

filed; however, Plaintiff filed an "amended complaint: motion to vacate sentence and summary of judgment" on September 29, 2023; a "motion for summary judgment" on October 12, 2023; and a supplement on October 29, 2023. (ECF Nos. 24, 27, and 29.) Importantly, none of these filings respond to the Magistrate Judge's findings and recommendations.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Furthermore, the Court notes that, even after a *de novo* review, the Court agrees with the Magistrate Judge's analysis, and nothing in Plaintiff's recent filings alter this analysis. Specifically, as the Magistrate Judge correctly explained,

Plaintiff's claims against Defendant DeAngelis relate to actions associated with her prosecution of criminal charges against Plaintiff, and those claims are thus barred by prosecutorial immunity.  Similarly, Plaintiff's claims against Defendants Mullen and Goldsmith relate to their judicial actions, and Defendant Mullen and Goldsmith are entitled to judicial immunity.  Lastly, Plaintiff's claims against Defendant Anderson relate to Plaintiff's arrest, which occurred more than three years before the filing of this suit.  (*See* ECF No. 19-1 at 9, affidavit dated December 27, 2018.)  S.C. Code. Ann. § 15-3-530(5); *see also Williams v. City of Sumter Police Dep't*, No. 3:09-2486-CMC-PJG, 2011 WL 723148, at *3 (D.S.C. Feb. 23, 2011) (concluding the plaintiff had three years in which to file his § 1983 action).

Accordingly, for the foregoing reasons, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 22); the Court denies Plaintiff's "amended complaint: motion to vacate sentence and summary of judgment" and his "motion for summary judgment" (ECF Nos. 24 and 27); and the Court summarily dismisses Plaintiff's amended complaint with prejudice, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 15, 2023
Charleston, South Carolina